IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CELSO LOPEZ,<br><br>    Plaintiff,<br><br>v.<br><br>RACHEAL SNOW, *et al.*,<br><br>    Defendants. | **MEMORANDUM DECISION<br>& ORDER TO SHOW CAUSE**<br><br>Case No. 1:20-cv-95-JNP<br><br>District Judge Jill N. Parrish |

  Plaintiff filed this *pro se* civil rights suit, *in forma pauperis*. *See* 28 U.S.C. § 1915. Having screened the Complaint [ECF No. 3] under its statutory review function,[1] the Court proposes dismissal for failure to state a claim upon which relief may be granted.

  Plaintiff names the following defendants: Carrie Cochran, Utah Board of Pardons and Parole ("UBOP") chairperson; David Cundick and Wayne Freestone, Utah Department of Corrections ("UDOC") contract attorneys; Clark Harms, Greg Johnson, and Denise Porter, UBOP members; and Racheal Snow, Weber County prosecutor. ECF No. 3, at 1-3. Plaintiff brings federal constitutional claims, asserting Defendants incarcerated him beyond the time period agreed to under the Plaintiff's plea agreement, which he refers to as "the contract." Plaintiff further argues that Defendants denied him access to the courts by forcing ineffective contract attorneys upon him. *Id*. at 6. Plaintiff requests damages and injunctive relief. The Court addresses the bases for denying Plaintiff's claims against Defendants below.

---

[1] 28 U.S.C. § 1915A(a) requires the court to screen any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The statute permits the court to dismiss the complaint where it "is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

## LEGAL STANDARD

When deciding whether a complaint states a claim upon which relief may be granted, the Court takes all well-pleaded factual statements as true and regards them in a light most favorable to the plaintiff. *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). But "bare assertions," which involve "nothing more than a 'formulaic recitation of the elements' of a constitutional . . . claim," are "conclusory and not entitled to be assumed true." *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007)).

Dismissal is appropriate when, viewing well-pleaded facts as true, the plaintiff has not raised a "plausible" ground for relief. *See Twombly*, 550 U.S. at 570. Plaintiffs bear the burden of "fram[ing] a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). In other words, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Red Hawk*, 493 F.3d at 1177.

The Court construes *pro se* "pleadings liberally." *Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997) (citation omitted). "Th[e] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Id.* at 1173-74 (citation omitted); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[W]e do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant."). But where the court "can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his

unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. Dismissing the complaint "without affording the plaintiff notice or an opportunity to amend is proper only when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" *Curley v. Perry*, 246 F.3d 1278, 1281-82 (10th Cir. 2001) (citation omitted).

## ANALYSIS

### I. IMMUNITY

#### A. UBOP Defendants

Plaintiff's complaint clearly identifies Defendants Cochran, Harms, Johnson, and Porter as parole board members. But "[p]arole board members have absolute immunity from damages liability for actions taken in performance of the board's official duties regarding the granting or denying of parole." *Graham v. Waters*, 805 F. App'x 572, 578 (10th Cir. 2020) (unpublished) (citations omitted). As such, the aforementioned Defendants "enjoy absolute immunity and damages are not available against these defendants under these circumstances." *Id*.

Nor may Plaintiff sue these defendants for damages in their official capacities. Although Plaintiff's claim names these UBOP members, Plaintiff's claim is, in reality, against the State of Utah. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985) ("Official-capacity suits . . . generally represent only another way of pleading an action against an entity of which an officer is an agent.'" (citation omitted)). And "[n]either states nor state officers sued in their official capacity are 'persons' subject to suit under section 1983." *Duncan v. Gunter*, 15 F.3d 989, 991 (10th Cir. 1994) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989)). In sum, "the Eleventh Amendment provides immunity for the defendants in their official capacity against [Plaintiff's] claims for damages." *Graham*, 805 F. App'x at 578.

### B. *Defendant Snow*

Prosecutors acting within the scope of their duties enjoy absolute immunity from suit under § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 424-25 (1976). The prosecutor's acts, as alleged by Plaintiff, relate to advocacy before the court. Defendant Snow therefore appears to be entitled to absolute prosecutorial immunity from this lawsuit and to be due dismissal.

## II. ILLEGAL IMPRISONMENT CLAIM

Plaintiff's claims for money damages based on his illegal imprisonment similarly fails. Litigants cannot "us[e] a § 1983 action, with its more lenient pleading rules, to challenge their . . . sentence without complying with the more stringent exhaustion requirements for habeas actions." *Butler v. Compton*, 482 F.3d 1277, 1279 (10th Cir. 2007) (citing *Muhammad v. Close*, 540 U.S. 749, 751-52 (2004)). At bottom, "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck v. Humphrey*, 512 U.S. 477, 486 (1994).

Plaintiff's claim, in essence, asks the court to invalidate his prison sentence. When a plaintiff requests damages in a § 1983 suit, this Court must decide whether judgment in the plaintiff's favor would unavoidably imply that the length of imprisonment is invalid. *Id.* at 487. Here, it would. If this Court were to conclude that Plaintiff's constitutional rights were violated in a prejudicial manner, it would necessarily follow that Plaintiff should be released.

Thus, this complaint "must be dismissed unless the plaintiff can demonstrate that the . . . sentence has already been invalidated." *Id.*; *see Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration."). But here, the Plaintiff has made no

such showing. Absent any additional information from Plaintiff, the Court must dismiss Plaintiff's claims.

In sum, Plaintiff effectively seeks termination of his sentence through this § 1983 complaint. Such relief is not available under § 1983 but must instead be sought in a habeas corpus petition. 28 U.S.C. §§ 2241, 2254.

### III.   DENIAL OF PAROLE

The court may also dismiss the claims against the UBOP Defendants because they lack a federal cause of action. *Harris v. Tulsa 66ers*, 551 F. App'x 451, 451 (10th Cir. 2014) ("[Plaintiff] must allege facts in his complaint sufficient to show that the district court had jurisdiction, such as federal question or diversity jurisdiction."). Plaintiff alleges that Defendants' unconstitutional actions resulted in UBOP departing from state sentencing guidelines in determining not to grant him parole. Plaintiff appears to state that he would have been paroled by now if it were not for Defendants.

However, Plaintiff's allegations do not state a federal constitutional violation. After all, "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). "Parole is a privilege," not a constitutional right. *See Lustgarden v. Gunter*, 966 F.2d 552, 555 (10th Cir. 1992). Moreover, it is well established that the Utah parole statute does not create a liberty interest entitling prisoners to federal constitutional protection. *See Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994). Because Plaintiff has no substantive liberty interest in parole under the Federal Constitution, Plaintiff may not use this federal suit to challenge the decision to deny his parole. *See Olim v. Wakinekona*, 461 U.S. 238, 250 (1983).

## IV. CONTRACT ATTORNEY DEFENDANTS

Finally, the court may dismiss Defendants Cundick and Freestone because they are not "state actors" and thus not culpable under federal civil rights law. As a general matter, lawyers are not state actors simply by virtue of their law license. *In re Griffiths*, 413 U.S. 717, 729 (1973) (noting that while lawyers are generally licensed by states, "they are not officials of government by virtue of being lawyers"). And actions taken by lawyers who serve as private contractors do not become governmental acts under § 1983 because of their significant or even total involvement in executing the terms of public contracts. *Rendell-Baker v. Kohn*, 457 U.S. 830, 841 (1982). The Tenth Circuit has explicitly recognized the same. In affirming a dismissal of a claim against prison contract attorneys, the court stated that "court-appointed lawyers are not usually considered state actors for section 1983 purposes." *Smith v. Freestone*, No. 99-4005, 1999 WL 510524 (10th Cir. 1999) (citation omitted). Defendants Cundick and Freestone, then, cannot be held liable because the Fourteenth Amendment "erects no shield against merely private conduct, however discriminatory or wrongful." *Shelley v. Kraemer*, 334 U.S. 1, 13 (1948).

## ORDER

**IT IS HEREBY ORDERED** that Plaintiff must within thirty days **SHOW CAUSE** why Plaintiff's Complaint should not be **DISMISSED** with prejudice, under 28 U.S.C. § 1915(e)(2)(B), for failure to state a claim upon which relief may be granted.

DATED September 30, 2021.

BY THE COURT:

JILL N. PARRISH
United States District Judge